UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP R. CORVELLO,<br><br>       Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK N.A,<br><br>       Defendant. | Case No.  10-cv-05072-VC<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 79, 89, 96 |
| AMIRA JACKMON,<br><br>       Plaintiff,<br><br>    v.<br><br>AMERICA'S SERVICING COMPANY, et al.,<br><br>       Defendants. | Case No.  11-cv-03884-VC<br><br><br>Re: Dkt. Nos. 133, 142, 149 |

**I. The Plaintiffs' Motions to Seal**

The Plaintiffs moved to file under seal all or portions of their joint motion for class certification, the Declaration of Thomas E. Loeser in support of their motion, and Exhibits A, D, E, F, G, I, K, L, and M to their motion.  They also moved to file under seal portions of Exhibits U and V to their reply brief.  In response, Wells Fargo (the designating party under local rule 79-5(e)), does not request that Exhibits A, F, I, M, U, and V, and portions of Exhibits D, K, and L remain under seal.  The motion to seal this material is therefore denied.  However, several of these documents contain financial account numbers that should not be filed publicly consistent with Federal Rule of Civil Procedure 5.2.  Upon refiling, the plaintiffs are ordered to redact these

documents consistent with Rule 5.2.

Wells Fargo contends that the remainder of Exhibit D and portions of Exhibit E should be under seal because they contain confidential, commercially sensitive information.  But Wells Fargo offers only generic descriptions of the material, and conclusory statements that publication of the information "could pose significant commercial harm to Wells Fargo."  Def's Resp. to Pls' Admin. Mot. to Seal, Kuspa Decl., at ¶ 21.  This does not come close to establishing compelling reasons to conceal this material from the public.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 2016 WL 142440, at *3–4 (9th Cir. Jan 11, 2016).  Perhaps Wells Fargo is concerned that these materials make it look bad (because the materials support the plaintiffs' contention that Wells Fargo administered the HAMP program in an irresponsible fashion), but a litigant's embarrassment is not enough to justify concealing material from the public.  Therefore, the plaintiffs' motion is also denied as to Exhibits D and E.

Wells Fargo further contends that portions of Exhibits G, K, and L should be sealed because they contain the named plaintiffs' personal information.  Several of these exhibits do include private identifying information (that is, loan numbers and other financial account numbers) that should not be publicly filed under Rule 5.2.  However, the motion is otherwise overbroad and without compelling justification, so it is denied.

The plaintiffs are therefore ordered to refile publicly all the material they sought to file under seal — with only loan numbers, financial account numbers, and social security numbers redacted — within 7 days of this order.

**II. Wells Fargo's Motion to Seal**

Wells Fargo also moved to file under seal several exhibits and attachments to its opposition to the plaintiffs' joint motion for class certification.  First, Wells Fargo seeks to file under seal portions of its opposition brief, and of certain exhibits that it claims contain commercially sensitive information.  As with the material described above, however, the request is overbroad.  Wells Fargo's descriptions of the contents of the documents, and conclusory statements that the public dissemination of the information could harm its business, do not

present compelling reasons to conceal the material from the public.  *See Ctr. for Auto Safety*, 2016 WL 142440, at *3–4.  Accordingly, the motion to seal Exhibits 7, 11, 12, and 24 is denied.

Second, Wells Fargo seeks to file under seal portions of exhibits that it claims contain private borrower information.  Several of these exhibits do indeed include private identifying information (that is, loan numbers and other financial account numbers) that should not be publicly filed under Rule 5.2.  However, the motion is otherwise overbroad, so it is denied.

The defendants are ordered to refile all the material publicly — with only loan numbers, financial account numbers, and social security numbers redacted — within 7 days of this order.

**IT IS SO ORDERED.**

Dated: January 29, 2016

_____
VINCE CHHABRIA
United States District Judge